IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01792-BNB

LASEMIAL V. REED,

    Applicant,

v.

MS. REVELL,

    Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 01 2007

GREGORY C. LANGHAM
CLERK

ORDER OF DISMISSAL

Applicant, Lasemial V. Reed, is a prisoner in the custody of the United States Bureau of Prisons (BOP) at the United States Penitentiary at Florence, Colorado. Mr. Reed originally filed a letter in his criminal case in the United States District Court for the Western District of Washington. The Western District of Washington perceived that Mr. Reed was challenging the calculation of his federal sentence by the BOP. Therefore, because such challenges must be raised in a habeas corpus action pursuant to 28 U.S.C. § 2241 in the court in which the prisoner is confined, the Western District of Washington transferred the letter to this Court. Upon receipt of the letter and the commencement of this civil action, Magistrate Judge Boyd N. Boland ordered Mr. Reed to file an application for a writ of habeas corpus on the proper form and either to pay the filing fee or to file a motion seeking leave to proceed *in forma pauperis*. On October 22, 2007, Mr. Reed paid the filing fee and filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.

The Court must construe the habeas corpus application liberally because Mr. Reed is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will deny the habeas corpus application and dismiss the action.

Mr. Reed complains that the BOP improperly has determined that his federal sentence should run consecutively to, rather than concurrently with, a state sentence he completed in March 2007. As a result, the BOP has determined that Mr. Reed's federal sentence commenced in March 2007, when he completed the state sentence, and not on the date the federal sentence was imposed in 2005. As relief Mr. Reed asks that his federal sentence be run concurrently with the completed state sentence.

The federal sentence at issue in this action is Mr. Reed's sentence pursuant to his conviction in the Western District of Washington in case number CR04-5458RBL-001. The judgment of conviction in that case, a copy of which is filed in this action, was entered on March 25, 2005. The judgment states that Mr. Reed was sentenced to sixty months in prison in CR04-5458RBL-001, and that the sentence was to run consecutive to Mr. Reed's sentence in CR99-5143JET.[1] The judgment in CR04-5458RBL-001 does not mention Mr. Reed's prior state sentence that was imposed in September 2004 and, as a result, it does not specify whether the federal sentence should run consecutively to or concurrently with the state sentence.

---

[1] According to other documents Mr. Reed has submitted in this action, CR99-5143JET is another case in the Western District of Washington in which Mr. Reed was sentenced to nineteen months in prison.

2

The Court finds that Mr. Reed's claim in this action lacks merit because the judgment of conviction entered by the Western District of Washington does not specify that his federal sentence should run concurrently with the previously imposed state sentence. Pursuant to 18 U.S.C. § 3584(a), "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." Therefore, because the judgment of conviction in Mr. Reed's federal case is silent regarding the state sentence, the BOP properly has determined that the federal sentence should run consecutively to the state sentence.

In support of his claim that the state and federal sentences should be concurrent Mr. Reed argues that the sentencing judge in his federal case stated at his sentencing hearing that the federal sentence would be imposed concurrently with the previously imposed state sentence. However, any disparity between the sentencing court's oral statements and the written judgment is an issue that Mr. Reed must address with the sentencing court. The BOP properly has relied on the written judgment in determining that Mr. Reed's federal sentence should run consecutively to his prior state sentence. Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed.

DATED at Denver, Colorado, this 31 day of Oct. , 2007.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-01792-BNB

Lasemial Varnell Reed
Reg. No. 28814-086
USP - Florence
PO Box 7000
Florence, CO 81226

I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on __11-1-07__

GREGORY C. LANGHAM, CLERK

By:_____
Deputy Clerk